IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA
* * *

In re:
**KEAN EDWARD KAPLAN**

Debtor(s)

Chapter 7
Case No. 11-04758-als

* * *

## OBJECTION TO CLAIM(S)

COMES NOW the bankruptcy trustee, Dallas J. Janssen, and pursuant to 11 U.S.C. §§ 502 and 507, and Fed. R. Bankr. P. 3007, objects to the following claim(s):

**NOTE TO CLAIMANTS**: Claimants receiving this objection should locate their names and claims as set out below; claimants are listed in alphabetical order with the claim number assigned by the Court. The grounds for the objection to the claim(s) are stated in the "Reason for Objection" column and include a cross-reference to the particular reason(s) for the objection as set out in the items numbered #1 through #11 below.

| Objection No. | Creditor Name and Address | Claim No. | Claim Amount and Category | Claim Allowed | **Refer to Reason for Objection** |
|---|---|---|---|---|---|
| 1 | Toyota Motor Credit Corporation<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | 6 | $5,809.59<br>Unsecured | $0.00 | (#4 - Late filed claim) |

### **REASONS FOR OBJECTION**
1. The claim is a duplicate of another claim.
2. The claim has been filed in the wrong case.
3. The claim has been amended by a subsequently filed proof of claim.
4. The claim was not timely-filed (and is subordinated to timely-filed claims).
5. The claim has been satisfied or released during the case in accordance with the Bankruptcy Code, applicable rules, or a court order.
6. The claim was presented in a form that does not comply with applicable rules, and the objecting bankruptcy trustee is unable to determine the validity of the claim because of the noncompliance (i.e.: (a) no documentation or supporting evidence was attached to the claim to determine its validity or amount; or (b) the documentation or supporting evidence attached to the claim is insufficient for the trustee to determine its validity or amount).
7. It is an interest, rather than a claim.
8. The claim asserts priority in an amount that exceeds the maximum amount under § 507 of the Bankruptcy Code.
9. The claim is against a corporation or limited liability company for which the debtors have no personal liability.
10. The claim is not allowable as it is filed in the improper category.
11. The claim is filed as partially secured and partially unsecured, with the secured portion based only upon the estimated market value of the collateral, and the remaining balance classified as unsecured. For any allowance of the claim as unsecured, the debt must first be satisfied by actual liquidation of the collateral and application of the sales proceeds towards satisfaction of the debt, with the balance of the remaining debt, if any, representing the unsecured deficiency. Otherwise, the claim as currently filed is only a secured claim and the claimant may look to its collateral in satisfaction of the debt.

### *MEMORANDUM OF LAW*

A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. Pr. 3001(f); In re Brown, 82 F.3d 801, 804 (8th Cir. 1996); In re Schaefer, 324 B.R. 738, 744 (Bankr. N.D. Iowa 2005). The burden of producing evidence to rebut the presumption is on the objecting party. In re Waterman, 248 B.R. 567, 570 (8th Cir. BAP 2000); In re Sheskey, 263 B.R. 264, 266 (Bankr. N.D. Iowa 2001).

Once this burden is met, the ultimate burden of persuasion as to allowability resides with the creditor. Id. In addition, after rebuttal of the presumption, the parties have the same burden of proof as they would under non-bankruptcy law—the burden is on the

claimant under a preponderance of the evidence standard. In re Shesky, 263 B.R. at 266. Thus, the debtor "has the initial burden to overcome the presumption of the validity of a proof of claim, but the ultimate burden of persuasion is on the creditor to prove [the claim] by a preponderance of the evidence." In re Roberts, 210 B.R. 325, 328 (Bankr. N.D. Iowa 1997).

Iowa has a general rule that the officer or director is not personally liable for a contract if, while acting for the corporation, he merely took steps that resulted in the corporation's promise being broken. Bossuyt v. Osage Farmers Nat. Bank, 360 N.W.2d 769, 778-79 (Iowa 1985). As such, the debtors are not personally liable for payment of the claims; rather, the corporation or limited liability company is responsible for the payment of the debt.

## BAR DATE FOR OBJECTIONS

**NOTICE IS HEREBY GIVEN** any person wishing to object to this trustee's objection to claim(s) must file a written objection with the Clerk of the Bankruptcy Court (300 U.S. Courthouse Annex, 110 E. Court Ave., Des Moines, IA 50309) within 30 days from the mailing of this objection, together with a request for a hearing, and serve a copy of both upon the trustee, the United States Trustee (210 Walnut St., Room 793, Des Moines, IA 50309-2108), and the debtor(s). If no objections to the trustee's objection are filed, the Court will act and the trustee will pay dividends pursuant to Fed. R. Bankr. P. 3009.

WHEREFORE, the bankruptcy trustee files his objection to claim(s) as set out above; and requests that the Court sustain the bankruptcy trustee's objection to the claim(s) after 30 days notice.

DATED: June 12, 2013

_/s/ Dallas J. Janssen_
Dallas J. Janssen Trustee
IS9999011
701 East Court Avenue, Suite A
Des Moines, IA 50309-4941
Telephone: 515-274-9161
Facsimile: 515-274-136
E-mail: TrusteeJanssen@dwx.com

CERTIFICATE OF SERVICE: This document was served electronically on all parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing, including the United States Trustee; and mailed on June 12, 2013, by first class U.S. Mail, postage prepaid, to all creditors/claimants listed in the above-entitled Objection to Claim(s), and to the debtor(s) as follows:

Kean Edward Kaplan
P.O. Box 3004
Des Moines, IA 50316

_/s/ Jeffrey M. Janssen_
Jeffrey M. Janssen